**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN SROGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 09 C 3286 |
| S&S OFFICER SAMUEL DECERO | ) | |
| #429, P.O. VASQUEZ #19492, P.O. LA | ) | |
| CASA CALIZ #8686, P.O. RAMOS | ) | Judge Ronald A. Guzmán |
| #6737, P.O. GOMEZ #21550, SGT. | ) | |
| HELWINK-MASTERS #2573, P.O. | ) | |
| PAPKE #4904, P.O. SHERMAN | ) | |
| #5742, P.O. WILLEMS #7394, P.O. | ) | |
| CARLQUIST #11720, SGT. REINA | ) | |
| #2622, SGT. DEJA #2051, JOHN and | ) | |
| JANE DOE CHICAGO POLICE | ) | |
| OFFICERS, individually, and THE | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued defendants pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690 (1978), for violating and conspiring to violate his Fourth and Fourteenth Amendment rights and under state law for malicious prosecution, battery, intentional infliction of emotional distress, respondeat superior and indemnification. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss all of the claims in the first amended complaint. For the reasons below, the Court grants in part and denies in part the motion.

**Facts**

On March 27, 2008, plaintiff filed a suit against the City of Chicago and Chicago police officers Vazquez, La Casa Caliz, Weiglen, Niedzwiecki, Blasz, Tarala, Johnson, Fico and Schilling under § 1983 for conspiring to and falsely arresting him on March 30, 2006, July 6, 2006 and September 22, 2007, and under state law for maliciously prosecuting him. (*See* Compl. ¶¶ 14-24, *Sroga v. Weiglen*, No. 08 C 1789 (N.D. Ill. Mar. 27, 2008).) On February 17, 2010, the Court entered summary judgment in defendants' favor on the § 1983 claims and declined to exercise supplemental jurisdiction over the state law claims. (*See id.*, 2/17/10 Judgment.)

On June 1, 2009, plaintiff filed this suit, and on February 2, 2010, he amended his complaint. The first amended complaint alleges: (1) § 1983 claims for conspiring to falsely arrest and falsely arresting and/or using excessive force on July 1, 2006, July 6, 2006, September 21, 2007, January 18, 2008, February 8, 2009 and April 16, 2009 and illegally seizing his property on October 23, 2006, May 30, 2007, July 9, 2007, September 21, 2007 and September 22, 2007; and (2) state law claims for malicious prosecution, battery, intentional infliction of emotional distress ("IIED"), respondeat superior and indemnification against the City of Chicago and Chicago police officers Vazquez, La Casa Caliz, Decero, Ramos, Gomez, Helwink-Masters, Papke, Sherman, Willems, Carlquist, Reina, Deja and John Does. (First Am. Compl. ¶¶ 138-307.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**Res Judicata and Collateral Estoppel**

Under both federal and Illinois law, the doctrine of res judicata precludes a party from relitgating issues that were or could have been raised in a prior suit between the same parties that ended in a final judgment on the merits. *Smith v. City of Chi.*, 820 F.2d 916, 917 (7th Cir. 1987); *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 2008). Vazquez, La Casa Caliz and the City were defendants in Sroga's first suit, which ended in a final decision on the merits of his § 1983 claims, and are defendants here. (*See* 2/17/10 J., *Sroga v. Weiglen*, No. 08 C 1789 (N.D. Ill. Feb. 17, 2010).) Thus, plaintiff did raise, or could have raised, in the first suit the § 1983 false arrest and excessive force claims he now asserts against La Casa Caliz in Counts II, XIV and XV and the state malicious prosecution claims he asserts against La Casa Caliz and the City in Counts III and XVI for the July 1, 2006 and January 18, 2008 arrests and any failure to intervene, *Monell*, IIED, respondeat superior or indemnification claim asserted in Counts XXIX-XXXIV that is based on the same conduct. Thus, the Court dismisses these claims with prejudice on the grounds of res judicata.[1]

The doctrine of defensive collateral estoppel "forecloses a plaintiff from asserting a claim that [he] previously litigated and lost against another defendant." *Wolverine Mut. Ins. v. Vance ex rel. Tinsley*, 325 F.3d 939, 943 n.3 (7th Cir. 2003). The doctrine applies if: "(1) the issue sought to be

---

[1] It is not clear whether plaintiff is alleging § 1983 false arrest claims against Vazquez, Schilling and La Casa Caliz for his November 26, 2003, December 10, 2003 and February 18, 2005 arrests. (*Compare* First Am. Compl. ¶¶ 21, 24, 26, *with id.* ¶¶ 144-47, 205-09, 225-28.) To the extent he does, however, those claims are dismissed on the same grounds.

precluded [is] the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action. *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994). All four elements are met for the § 1983 claims for false arrest asserted against Ramos in Count IV for the July 6, 2006 arrest and the false arrest, conspiracy and due process claims asserted against Helwink-Masters, Sherman, Papke and John Does in Counts VII, VIII, XII and XXIII for the September 21, 2007 arrest. *See Sroga v. Weiglen*, No. 08 C 1879, 2010 WL 583912, at *4-7 (N.D. Ill. Feb. 17, 2010) (granting summary judgment to other officers on plaintiff's § 1983 claims that he was falsely arrested on July 6, 2006 and September 21, 2007). These claims and any failure to intervene or *Monell* claim based on the same conduct are dismissed with prejudice.

### *Monell*

In Counts XXXI and XXXII, plaintiff alleges that the City is liable under § 1983 for the unlawful searches, arrests and conspiracies he alleges because it has *de facto* policies: (1) that require tactical officers to make at least one arrest each day; (2) that encourage racial profiling and the creation of false reports; (3) of failing to monitor, keep records of and investigate allegations of police misconduct and discipline officers for proven misconduct; and (4) of failing to train and supervise officers properly. (First Am. Compl. ¶¶ 291, 296); *see Monell*, 436 U.S. at 690 (holding that municipalities are liable under § 1983 only if the constitutional violation is caused by one of its policies or practices). Plaintiff does not, however, allege that he is a member of a group subject to racial profiling or that any defendant was a tactical officer when, or had been accused of or found to have engaged in misconduct before, he or she interacted with plaintiff or offer any facts beyond those interactions to support his claim that such policies exist. Absent these allegations, plaintiff has not

4

stated viable *Monell* claims against the City. *See Iqbal*, 129 S. Ct. at 1949 (stating that the plausibility pleading standard set forth in *Twombly* requires plaintiff to allege "more than a sheer possibility that a defendant has acted unlawfully"); *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2010) ("[T]he premise behind a § 1983 action against a government body is 'the allegation that official policy is *responsible* for the deprivation of rights.'" (quoting *Monell*, 436 U.S. at 690)). Accordingly the Court dismisses these claims without prejudice.

## **Section 1983**

In Count I, plaintiff asserts a § 1983 claim for deprivation of due process against Decero for property seizures that occurred on May 30, 2007 and July 9, 2007. To state a viable claim, plaintiff must allege that Decero seized plaintiff's property pursuant to one of the City's established policies or that he did so in contravention of its policies and plaintiff has no adequate state remedies. *Veteran's Legal Defense Fund v. Schwartz*, 330 F.3d 938, 940-41 (7th Cir. 2003). Plaintiff has done neither. (*See* discussion *supra*; First Am. Compl. ¶¶ 35-36, 106-08, 139-43.) Thus, the Court dismisses this claim without prejudice.

The § 1983 conspiracy claim plaintiff asserts against John Does in Count XXVI for an attempted illegal search on February 8, 2009 is also not viable. (*See* First Am. Compl. ¶ 267.) The conduct that § 1983 forbids is "the deprivation of . . . rights, privileges, or immunities secured by the Constitution," not unsuccessful attempts to do so. 42 U.S.C. § 1983. Because plaintiff alleges that, despite their best efforts, John Doe defendants did not conduct an illegal search on February 8, 2009, they cannot be held liable for conspiring to do so. *See Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996) ("[T]here is no constitutional violation in conspiring to cover up an action which does not itself violate the constitution."). Therefore, the Court dismisses this claim with prejudice.

In Count XXVII, plaintiff asserts a § 1983 claim against all of the individual defendants for conspiring to commit all of the constitutional violations he alleges in the first amended complaint. (*See* First Am. Compl. ¶ 273.) Plaintiff does not, however, allege who conspired to commit which violations or offer any facts that suggest that there was an overarching scheme involving all defendants. Without such allegations, this claim does not satisfy either Rule 8 or the dictates of *Twombly* and *Iqbal*. Consequently, the Court dismisses it without prejudice.

Count XXVIII is a § 1983 due process claim that plaintiff asserts against all defendants for all of the illegal arrests and searches and malicious prosecutions alleged in the first amended complaint. (*See* First Am. Compl. ¶ 277.) There is no cause of action, however, under § 1983 for malicious prosecution or under the Fourteenth Amendment for illegal arrests and searches. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ('[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2000) (holding that there is no constitutional claim for malicious prosecution). These claims are dismissed with prejudice.

The Court dismisses all of plaintiff's § 1983 claims except: (1) the illegal search claim asserted against John Does in Count VI for the October 3, 2006 search; (2) the excessive force claim asserted against Ramos in Count V for the July 6, 2006 arrest; (3) the illegal search and conspiracy claims asserted against Helwink-Masters, Papke, Sherman, Willems, Carlquist, Reina and John Does in Counts X, XI and XIII for the September 22, 2007 search; (4) the false arrest, conspiracy and excessive force claims against Deja and La Casa Caliz in Counts XVIII-XXI for the April 16, 2009 arrest; (5) the excessive force and false arrest claims asserted against John Does in Counts XXIV and XXV for the February 8, 2009 arrest; and (6) the failure to intervene claims asserted against La Casa

Caliz, Deja, Helwink-Masters, Papke, Sherman, Willems, Carlquist, Reina and John Does in Count XXIX for the October 3, 2006 and September 22, 2007 searches, the July 6, 2006 and April 16, 2009 alleged uses of excessive force and the February 8, 2009 and April 16, 2009 arrests.[2]

**State Claims**

In Counts IX and XXII, plaintiff asserts malicious prosecutions claims against Deja, La Casa Caliz, Helwink-Masters, Sherman, Papke and the City for the September 21, 2007 and April 16, 2009 arrests. One of the elements of malicious prosecution is that the criminal proceeding terminated in plaintiff's favor. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Plaintiff has not made, and cannot make, that allegation with respect to either arrest because he was convicted of the 2007 charges and alleges that the proceedings on the 2009 charges are still pending. (First Am. Compl. ¶¶ 131-37; Defs.' Mem. Supp. Mot. Dismiss, Ex. F, Certified Statement of Conviction/Disposition at 5, *People v. Sroga*, No. 07127189701 (Cir. Ct. Cook County Mar. 29, 2010)); *see Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (stating that "a district court [may] take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment"). Thus, these claims and any IIED, respondeat superior or indemnification claim that is based on the same conduct are dismissed without prejudice.

---

[2]The statute of limitations for § 1983 claims is two years. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Plaintiff filed this suit on June 1, 2009 alleging claims based solely on searches that allegedly occurred on May 30, and July 9, 2007. (*See* Compl. ¶¶ 65-115.) On February 2, 2010, plaintiff filed the first amended complaint, adding the rest of his claims. The claims asserted in Counts V, VI, X, XI, XVII and any failure to intervene claim based on the same conduct, arise from events that occurred more than two years before plaintiff filed the complaint in which they were asserted. Thus, they are likely time-barred. However, because untimeliness is an affirmative defense, these claims cannot be dismissed on that basis at this time. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

The remaining state claims are: (1) the battery claim asserted against Gomez in Count XVII for the January 18, 2008 arrest and any respondeat superior and indemnification claim asserted against the City in Counts XXXIII and XXXIV that is based on it; and (2) the IIED claim asserted against all of the remaining defendants in Count XXX for all of the conduct alleged in the viable claims.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss [doc. no. 47]. The Court terminates Vasquez and Schilling as parties and dismisses with prejudice:

> (1) the § 1983 false arrest and excessive force claims asserted against La Casa Caliz in Counts II, XIV and XV for the July 1, 2006 and January 18, 2008 arrests;
>
> (2) the § 1983 false arrest claim asserted against Ramos in Count IV for the July 6, 2006 arrest;
>
> (3) the § 1983 false arrest and conspiracy claims asserted against Helwink-Masters, Sherman, Papke and John Does in Counts VII, VIII and XXIII for the September 21, 2007 arrest;
>
> (4) the § 1983 deprivation of due process claim that is asserted against all of the individual defendants in Count XXVIII for all of the false arrests and malicious prosecutions alleged in the first amended complaint;
>
> (5) any § 1983 failure to intervene or *Monell* claim asserted in Counts XXIX, XXXI and XXXII that is based on that conduct underlying the claims set forth in paragraphs 1-4 above; and
>
> (6) the state law malicious prosecution claims asserted against La Casa Caliz and the City in Counts III and XVI for the July 1, 2006 and January 18, 2008 arrests and any IIED, respondeat superior or indemnification claim asserted against the City in Counts XXX, XXXIII and XXXIV that is based on that conduct.

The Court dismisses without prejudice:

> (7) the § 1983 deprivation of due process claim asserted against Decero in Count I for the May 30, 2007 and July 9, 2007 seizures;

(8) the § 1983 conspiracy claim plaintiff asserts against all of the individual defendants in Count XXVII for all of the constitutional violations alleged in the first amended complaint;

(9) any § 1983 failure to intervene or *Monell* claim asserted in Counts XXIX, XXXI and XXXII that is based on the events underlying the claims set forth in paragraphs 7-8 above;

(10) any remaining § 1983 *Monell* claims asserted against the City in Counts XXXI and XXXII; and

(11) the state law malicious prosecution claims asserted against Deja, La Casa Caliz, Helwink-Masters, Sherman, Papke and the City in Counts IX and XXII for the September 21, 2007 and April 16, 2009 arrests and any IIED, respondeat superior or indemnification claim asserted in Counts XXX, XXXIII and XXXIV that is based on that conduct.

The Court denies defendants' motion to dismiss:

(12) the § 1983 claims for excessive force asserted against Ramos in Count V for the July 6, 2006 arrest and Deja in Count XX for the April 16, 2009 arrest;

(13) the § 1983 claim for illegal search asserted against John Does in Count VI for the October 3, 2006 search;

(14) the § 1983 illegal search, and conspiracy claims asserted against Helwink-Masters, Willems, Carlquist, Reina and John Does in Counts X, XI and XIII for the September 22, 2007 search;

(15) the § 1983 false arrest, conspiracy and excessive force claims asserted against La Casa Caliz and Deja in Counts XVIII-XXI for the April 16, 2009 arrest;

(16) the § 1983 excessive force and false arrest claims asserted against John Does in Counts XXIV and XXV for the February 8, 2009 arrest;

(17) the § 1983 failure to intervene claims asserted against La Casa Caliz, Deja, Helwink-Masters, Willems, Carlquist, Reina and John Does in Count XXIX for the October 3, 2006 and September 22, 2007 searches, the July 6, 2006 and April 16, 2009 uses of excessive force and the February 8, 2009 and April 16, 2009 arrests;

(18) the state law battery claim asserted against Gomez in Count XVII for the January 18, 2008 arrest and any respondeat superior and indemnification claim asserted against the City in Counts XXX, XXXIII and XXXIV that is based on that conduct;

(19) the state law IIED claim asserted against all of the remaining defendants in Count XXX for all of the conduct alleged in the viable claims.

Plaintiff has fourteen days from the date of this Order to file a second amended complaint that: (1) does not include the claims that are dismissed with prejudice, *i.e.*, those listed in paragraphs 1-6 above; (2) includes any amendments to the claims that are dismissed without prejudice, *i.e.*, those listed in paragraphs 7-11 above, that are in accord with this Order. If plaintiff fails to amend the latter group of claims in that time, the Court will dismiss them with prejudice. No other claims may be amended or added without leave of Court.

**SO ORDERED.**                    ENTERED: November 9, 2010

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**