# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3286 | **DATE** | 3/23/2012 |
| **CASE TITLE** | Kevin Sroga vs. Officer Decero, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court: (1) grants defendants' motion for summary judgment [124] as to Counts I-X, XII-XX and XXII of the second amended complaint; (2) declines to exercise supplemental jurisdiction over the state law claims plaintiff asserts in Counts XI, XXI, XXIII, XXIV, which are dismissed without prejudice to refiling in state court; (3) denies plaintiff's motions to strike defendants' motion for summary judgment and their Exhibit E [142, 143]; and (4) strikes as moot defendants' motion to dismiss [102]. This case is terminated.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, proceeding pro se, has sued defendants for their alleged violations of his constitutional rights and state law. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment and, in accordance with Local Rule 56.2, have given plaintiff a Notice to Pro Se Litigant Opposing Motion for Summary Judgment. The Notice tells plaintiff that he must identify any disputed facts in accordance with LR 56.1 or be deemed to have admitted defendants' version of the facts. Despite that warning, plaintiff failed to dispute defendants' fact statement or submit a fact statement of his own as contemplated by LR 56.1. Thus, the Court deems plaintiff to have admitted all of the facts defendants assert.

To prevail on their summary judgment motion, defendants must show that "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding this motion, the Court views all evidence and the inferences from it in favor of plaintiff and will grant the motion only if no reasonable jury could find in his favor. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

**Timeliness**

The statute of limitations for 42 U.S.C. § 1983 claims filed in Illinois is two years. *Kalimara v. Ill. Dep't of Corrs.*, 879 F.2d 276, 277 (7th Cir. 1989) (per curiam). Plaintiff filed the original complaint on June 1, 2009 and the amended complaint on February 2, 2010. Thus, the § 1983 claims asserted in Counts I, V and VI, which are based on events that occurred more than two years before June 1, 2009, those asserted in Counts III and IV that are based on events that occurred on May 30, 2007 and those asserted in Counts VII-X, which were raised for the first time in the amended complaint and are based on events that occurred in September 2007, are time-barred. (*See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 11-12.)

| STATEMENT |
|---|

**Claims Against the City**

In Counts IV and XXII, respectively, plaintiff asserts § 1983 claims against the City based on respondeat superior and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). *See id.* at 694-95 (holding that a municipality is liable under § 1983 only if the plaintiff's constitutional injury was caused by one of its customs or policies). However, there is no respondeat superior liability under § 1983, and plaintiff admits he has no evidence that his alleged injuries were caused by one of the City's customs or policies. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); (*see* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 19-20, 28, 30.) The City is, therefore, entitled to judgment as a matter of law on these claims.

**Heck**

In Counts XVIII and XIX, plaintiff asserts § 1983 false arrest and conspiracy claims arising from his September 3, 2009 arrest. Plaintiff admits, however, that he was convicted of the charges for which he was arrested and offers no evidence that suggests his conviction has been reversed or invalidated. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 15-16.) Absent such evidence, these § 1983 claims fail. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a plaintiff in a § 1983 action may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless the conviction has been set aside by appeal, collateral review or pardon).

**John Doe**

In Counts XVI and XVII plaintiff asserts § 1983 claims against "John Doe." The Court cannot enter judgment against an unidentified party. *Pearson v. O'Leary*, No. 85 C 9323, 1995 WL 124123, at *4-5 (N.D. Ill. Mar. 20, 1995). Thus, the Court dismisses these claims with prejudice.

**Property Seizure Claims**

In Counts II, III and IV, plaintiff alleges that defendant Decero violated his Fourth Amendment and Fourteenth Amendment rights by seizing his cars. To defeat defendants' motion on the Fourth Amendment claim, plaintiff must offer evidence that suggests the seizure was unreasonable. *Perry v. Sheahan*, 222 F.3d 309, 316 (7th Cir. 2000). To defeat the motion on the Fourteenth Amendment claims, plaintiff must show that he exhausted available state court remedies or those remedies are inadequate. *See Lee v. City of Chi.*, 330 F.3d 456, 467 (7th Cir. 2003) (substantive due process); *Doherty v. City of Chi.*, 75 F.3d 318, 323 (7th Cir. 1996) (procedural due process). Plaintiff did not submit a LR 56.1(b)(3)(B) statement of facts and thus, has no evidence that suggests the seizure was unreasonable or the administrative process was inadequate. (*See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 25-27.) Accordingly, defendants are entitled to judgment as a matter of law on these claims.

In Counts XII and XV, plaintiff asserts § 1983 claims against defendants Deja and La Casa Caliz for falsely arresting him on April 16, 2009. "[T]he existence of probable cause . . . is an absolute bar to a Section 1983 claim for unlawful arrest . . . ." *Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir. 1991) (quotation omitted). Defendants had probable cause to arrest plaintiff if the facts and circumstances of which they were aware at the time of the arrest would have caused a reasonable person to believe that plaintiff had committed or was committing a crime. *Maxwell v. City of Indianapolis*, 998 F.2d 431, 433 (7th Cir. 1993). Defendants arrested plaintiff for driving with a suspended or revoked license. *See* 625 Ill. Comp. Stat. 5/6-303(a) ("[A]ny person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license . . . is revoked or suspended . . . shall be guilty of a Class A misdemeanor."); *see People v. Jensen*, 347 N.E.2d 371, 374 (Ill. App. Ct. 1976) (interpreting "highway" as "any place maintained by the public for the passage of traffic"). It is undisputed that: (1) on April 16, 2009, Deja and La Casa Caliz knew plaintiff's driver's license was revoked; (2) the previous day, La Casa Caliz had seen plaintiff "skip[]" away from the driver's side of a car that was parked on CHA property; and (3) the day of the arrest, La Casa Caliz again saw

| STATEMENT |
|---|

plaintiff with the same car on CHA property. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 36-47, 51.) Given these undisputed facts, the record establishes that defendants had probable cause for the April 16, 2009 arrest.

In Count XIV, plaintiff asserts a § 1983 excessive force claim against Deja for handcuffing plaintiff too tightly during the April 16, 2009 arrest. Plaintiff admits however, that he spent only five to seven minutes in Deja's handcuffs, he was not bruised as a result and did not seek medical treatment for any alleged injury he incurred. (*Id.* ¶¶ 54, 57-63.) Given these undisputed facts, any slight injury plaintiff may have suffered cannot support a Fourth Amendment excessive force claim. *See Williams v. City of Champaign*, 524 F.3d 826, 829 (7th Cir. 2008) ("In constitutional tort cases (including cases brought to vindicate rights created by the Fourth Amendment) as elsewhere in the law, *de minimis non curat lex*."); *Tibbs v. City of Chi.*, 469 F.3d 661, 666 (7th Cir. 2006) (holding that it was not excessive force to keep plaintiff in tight handcuffs for thirty minutes when the resulting injury was short-lived redness on plaintiff's wrists that required no medical treatment).

In Counts XIII and XX, plaintiff asserts that Deja and La Casa Caliz conspired to arrest him falsely and with excessive force on April 16, 2009 and failed to intervene in each other's unconstitutional conduct. However, because the record establishes that Deja and La Casa Caliz did not violate plaintiff's Fourth Amendment rights, there is no basis for these conspiracy and failure to intervene claims.

**State Claims**

In Counts XI, XXI, XXIII and XXIV, plaintiff asserts various state law claims against defendants. Having resolved all of plaintiff's federal claims, however, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

**Conclusion**

For the reasons set forth above, the Court finds that there is no genuine issue of material fact on the federal claims plaintiff asserts against defendants in Counts I-X, XII-XX and XXII of the second amended complaint and defendants are entitled to judgment as a matter of law on these counts. Therefore, the Court: (1) grants defendants' motion for summary judgment [124] as to Counts I-X, XII-XX and XXII; (2) declines to exercise supplemental jurisdiction over the state law claims plaintiff asserts in Counts XI, XXI, XXIII, XXIV, which are dismissed without prejudice to refiling in state court; (3) denies plaintiff's motions to strike defendants' motion for summary judgment and their Exhibit E [142, 143] because there is no basis for striking these documents; and (4) strikes as moot defendants' motion to dismiss [102]. This case is terminated.